# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AE HOE KWON,

    Petitioner,

vs.

JIM BENEDETTI, *et al.*,

    Respondents.

3:08-cv-00167-LRH-VPC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

    According to the materials submitted, petitioner Ae Ho Kwon was convicted in Nevada state court of conspiracy to commit extortion, extortion, and witness soliciting a bribe. On direct appeal, on February 21, 2008, the Supreme Court of Nevada reversed the convictions for conspiracy to commit extortion and extortion and remanded for further proceedings. The state high court affirmed the conviction for witness soliciting a bribe. On March 10, 2008, Kwon filed a petition for rehearing in the Supreme Court of Nevada. On the record presented, the petition for rehearing remains pending before the state high court, and the remittitur has not issued.

    Kwon filed the present federal habeas petition, through counsel, on April 2, 2008.

    As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716

F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[1] Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.[2]

In the present case, proceedings in the petitioner's direct criminal appeal still are pending, and there further appears to be the prospect of further proceedings on remand in the state district court. Petitioner therefore will be required to show why the present federal petition should not be dismissed without prejudice as premature under the *Younger* abstention doctrine due to the still-pending state criminal proceedings.

IT THEREFORE IS ORDERED that, within fifteen (15) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice. No extension of time will be granted to respond to this order. The matter will be dismissed without prejudice without further advance notice if a timely response is not filed.

DATED this 14th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] *Carden* explicitly based the denial of federal habeas relief during the pendency of the original state criminal proceedings upon principles of comity derived from the *Younger* abstention doctrine. 626 F.2d at 83-85. *See also Edelbacher v. Calderon*, 160 F.3d 582, 586 n.5 & 587 (9th Cir. 1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1033 & n.2 (9th Cir. 1995); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Drury v. Cox*, 457 F.2d 764 (9th Cir. 1972).

[2] *See generally* Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La.L.Rev. 967, 970-71 (1984).