# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AE HOE KWON,

    Petitioner,

vs.

JIM BENEDETTI, *et al.*,

    Respondents.

3:08-cv-00167-LRH-VPC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition should be dismissed without prejudice as premature under the *Younger* abstention doctrine because the state criminal proceedings still are pending. This order follows upon the Court's earlier show cause order (#5) and petitioner's response (#7) thereto.

    According to the materials submitted, petitioner Ae Kwon was convicted in Nevada state court of conspiracy to commit extortion, extortion, and witness soliciting a bribe. On direct appeal, on February 21, 2008, the Supreme Court of Nevada reversed the convictions for conspiracy to commit extortion and extortion and remanded for further proceedings. The state high court affirmed the conviction for witness soliciting a bribe. On March 10, 2008, Kwon filed a petition for rehearing in the Supreme Court of Nevada. On the record presented, the petition for rehearing remains pending before the state high court, and the remittitur has not issued.

    Kwon filed the present federal habeas petition, through counsel, on April 2, 2008.

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[1] Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.[2]

In the present case, proceedings in the petitioner's direct criminal appeal still are pending, and there additionally appears to be the prospect of further proceedings on remand in the state district court. Petitioner does not maintain in the response either that proceedings in the Supreme Court of Nevada have been concluded or that there will no further proceedings in the state criminal case on remand.

Petitioner's response, in the main, begs the question presented in the show cause order.

First, Kwon urges that the petition "[a]t a minimum . . . is a 'mixed petition' with both exhausted and unexhausted claims." #7, at 1. As the Court noted in the show cause, however, *Younger* abstention is required "even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts." #5, at 1. The issue is not one of exhaustion but rather is one of avoiding interference with pending state criminal proceedings, in this case still-pending proceedings on direct appeal in the State's highest court.[3]

////

---

[1] *Carden* explicitly based the denial of federal habeas relief during the pendency of the original state criminal proceedings upon principles of comity derived from the *Younger* abstention doctrine. 626 F.2d at 83-85. *See also Edelbacher v. Calderon*, 160 F.3d 582, 586 n.5 & 587 (9th Cir. 1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1033 & n.2 (9th Cir. 1995); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Drury v. Cox*, 457 F.2d 764 (9th Cir. 1972).

[2] *See generally* Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La.L.Rev. 967, 970-71 (1984).

[3] The Court notes that if proceedings have not been completed on the claims in the Supreme Court of Nevada on direct appeal, then none of the claims in the petition would appear to be completely exhausted. When a petition, contains no fully exhausted claims but instead is completely unexhausted, the district court must immediately dismiss the petition without prejudice. *See, e.g., Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)(citing prior case law discussing the unavailability of a stay). The Court bases its decision, however, on *Younger* abstention, not exhaustion.

Second, Kwon contends that he must file his federal petition now because he is subject to being paroled by state authorities and then deported by federal immigration authorities based upon the remaining conviction. It appears from the Nevada Department of Corrections website referenced by petitioner that his projected sentence expiration date, assuming continued good time and other applicable credits, is October 1, 2009. Counsel attests that Kwon advises that he appeared for a parole hearing on April 4, 2008, but that the proceeding was continued because the parole board did not have a Korean language interpreter present. Kwon asserts that a rescheduled hearing will be held in May 2008 and that he is subject to being paroled under a Nevada program encouraging parole of nonviolent offenders who are not United States citizens. Petitioner maintains that he may lose the availability of federal habeas jurisdiction if he is discharged from his state sentence and then deported.

A prior grant of parole by state authorities, in and of itself, of course would not deprive this Court of federal habeas jurisdiction over a later petition. *See, e.g., Felts v. Estelle*, 875 F.2d 785, 785 n.1 (9th Cir. 1989); *see also Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

The Court does not find that a potential for immigration removal proceedings constitutes an extraordinary circumstance warranting a federal district court asserting or maintaining federal habeas jurisdiction despite still ongoing proceedings in a State's highest court in a pending state criminal case. First, any such potential immigration proceedings have nothing to do with the good faith of the state prosecution or the adequacy of the state criminal proceedings to protect the petitioner's federal constitutional rights vis-à-vis the state conviction.[4] Second, if the Supreme Court of Nevada denies relief on rehearing, if petitioner in fact is paroled by state authorities either in May 2008 or at some other as-yet-to-be-determined point thereafter, and if federal immigration authorities then pursue a removal proceeding, the represented petitioner will have a sufficient opportunity to file a federal habeas petition challenging his state conviction before he is physically removed from the United States. Kwon will not be paroled and then whisked out of the country before counsel can file a petition.

////

---

[4] *Cf. Younger*, 401 U.S. at 49, 91 S.Ct. at 753: "Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims. There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected."

1  Accordingly, petitioner has not demonstrated that maintaining federal habeas jurisdiction is even
2  necessary at this point, much less that extraordinary circumstances warrant maintaining a federal habeas
3  proceeding in derogation of the comity and federalism concerns that inform the *Younger* doctrine. The
4  petition accordingly will be dismissed without prejudice. The Court is not persuaded that a stay rather
5  than dismissal is warranted. There is no justification, particularly in light of federal-state comity
6  concerns, for having a stayed habeas proceeding pending in a federal district court while a State's
7  highest court is considering the petitioner's claims on rehearing during the original state criminal
8  proceedings.

9  IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice. The
10  Clerk of Court shall enter final judgment accordingly.

11  IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254
12  Cases, the Clerk additionally shall serve a copy of this order, the judgment, and the petition upon
13  respondents by sending same by certified mail to the Office of the Attorney General, Criminal Division,
14  100 North Carson St., Carson City, NV 89701-4717. No response is required from respondents.

15  DATED this 1st day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE